PHILIP PRAGER & another *vs.* JACOB BANCROFT.

The defendant leased to the plaintiffs an estate for a term commencing *in futuro.* The lease contained a covenant that if, at any time during the term, any portion of the premises should be taken by right of eminent domain, the amount awarded as damages should, after putting the buildings into condition, be paid to the lessor. A portion of the land and of the building thereon was so taken before the commencement of the term. The lessor received the money, but did not repair the building. *Held,* that, the land not having been taken during the term, the lessees could neither maintain an action against the lessor upon the covenant, for not repairing, nor an action for money received by him and not expended on repairs.

CONTRACT. The declaration contained two counts, one for the breach of an alleged covenant in a lease, the other for money had and received. Trial in the Superior Court, before *Lord,* J., who, before verdict, by consent of parties, reported the case for the determination of this court upon the question whether the plaintiffs could maintain the action.

From the report it appeared that the defendant leased to the plaintiffs certain premises on Hanover Street, Boston, by indenture made and dated August 28, 1868, but subject to a subsisting lease to one Gould, running to August 17, 1869, for a term of twenty-five years from August 17, 1869. One of the covenants in the lease was, " That if at any time during said term any part of said land shall be taken by public authority for public use, the total amount allowed or recovered as damages of every description, after putting the buildings into condition as required by the taking, shall belong and be paid over to said lessor, or those having his estate in the premises, and that said lessees shall have no claim thereto or on account thereof, but shall have in lieu thereof, from and after the time of such payments for the remainder of said term, a deduction of six per cent. per annum on such amount so paid over from the rent herein reserved." There was also an agreement in the lease that the plaintiffs, within the first five years of the term, would erect a new block on the land, and that for that purpose, they might wholly take down the buildings standing thereon when the lease was made.

After the making of the lease, but before the beginning of the term, a portion of the land, with the part of the building resting thereon, was taken by the city of Boston for widening Hanover Street. The total amount allowed and recovered for damages to the estate by reason of this taking was $47,491.29, which included the damage to the building, and this amount was received by the defendant, and both the plaintiffs and the defendant, in consideration thereof, released the city of Boston from any further claim. Of this sum, $45,058.15 was principal, and the balance interest, from the commencement of the term to the payment of damages July 1, 1870, and this interest was paid to the plaintiffs; and since this payment the plaintiffs have been allowed by the defendant six per cent. on the principal sum in reduction of their rent reserved.

The plaintiffs offered to prove that, after the cutting off and removal of the part of the building resting on the land taken, the remaining portion of the building was repairable and worth repairing. The plaintiffs claimed that it was the duty of the defendant to repair this remaining portion of the building, and that, having failed so to do, they were entitled to the value of the repairs or of the old building.

*A. Hemenway*, for the plaintiffs.

*G. W. Phillips*, for the defendant.

AMES, J. At the time when a portion of the estate was taken by public authority for public uses, the plaintiffs were lessees for a term of years, and as such were entitled to share in the damages payable by the city, in the manner provided by the General Statutes for such cases. It is true that their term and their right of actual possession had not commenced, but they had taken their lease, and acquired a title and interest in the estate, and the extent of their interest and their enjoyment of the estate were materially affected by the proceedings of the city authorities in the widening of the street. If the plaintiffs had availed themselves of their legal rights, and taken part in the proceedings as parties claiming damages, the operation of the statute provision applicable to the case would have been to secure to them a full indemnity in the shape of a virtual abatement in the amount of

rent payable during the continuance of the demise. As we understand the report, the parties do not disagree as to the right of the plaintiffs to a reduction of the rent reserved, equal to six per cent. per year, upon the amount allowed by the city authorities as the entire indemnity for the damage done to the estate by the widening.

But whatever rights the plaintiffs have, or might have had, in any other form of proceeding, we see no ground upon which their claim in the present action can be maintained under either count of their declaration. If the covenant upon which they rest their claim could have the effect, in any event, to make the amount recovered by the defendant, as damages, chargeable with the expense of putting the buildings "into condition," it could be only after a taking of part of the land by public authority for public use, during the term. The defendant has not assumed any obligation whatever to repair or restore the buildings, or to furnish money for that purpose, in the event of such a taking before the commencement of the term. The money which was paid by the city for land taken cannot be said to be money paid in part to the plaintiffs' use, or to be in part the plaintiffs' money, except so far as made so by express stipulation. Whatever stipulation the defendant entered into in the lease, upon this subject, was conditional only ; and the contingency upon which it was to go into effect, namely, the taking of part of the estate by public authority during the term, has never occurred. The plaintiffs do not bring their claim within the terms of the contract, and the facts upon which they rely are not those provided for by the lease. It follows that there must be          *Judgment for the defendant.*